### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21338-CMB |
| Denise M. Campbell, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Denise M. Campbell, | ) |
| **Movant.** | ) **Hearing Date:** 12/15/21 @ 1:30 p.m. |
| vs. | ) **Response Due:** 11/25/21 |
| Specialized Loan Servicing, Inc., | ) |
| **Respondent.** | ) **Document No.** |

## MOTION TO COMPEL AND FOR SANCTIONS

**AND NOW,** comes the Debtor, Denise M. Campbell, by and through her attorneys, Mark B. Peduto and Calaiaro Valencik, and presents the following:

1. Denise M. Campbell filed a bankruptcy under Chapter 13 of the United States Bankruptcy Code on June 7, 2021, at Case No. 21-21338-CMB in an attempt to reorganize her debts.

2. The Debtor filed a Motion for Loss Mitigation on August 18, 2021, at Document No. 31.

3. A Loss Mitigation Order was entered on September 2, 2019, at Document No. 35.

4. The Debtor submitted a Core LMP Package to the Default Mitigation Management Portal on September 2, 2021, using the registered servicer, Specialized Loan Servicing ("SLS").

5. Three weeks later, Counsel for the Debtor received a confusing and contradictory denial letter dated September 21, 2021, from SLS. A copy of that letter is attached hereto and marked as **Exhibit "A"**.

6. On September 28, 2021, Debtor's counsel uploaded a letter to the DMM Portal requesting SLS conduct a second independent review. A copy of that letter is attached hereto and marked as **Exhibit "B"**.

7. On at least two occasions in October 2021, Debtor's counsel contacted SLS's counsel requesting an escalated response to Counsel's letter dated September 28, 2021.

8. SLS's counsel was very cooperative and responsive to Debtor's counsel's request for an independent review.

9. On or about October 27, 2021, Debtor's counsel received a letter directly from SLS denying the Debtor a loan modification because the proposed resolution would have increased the monthly payment by approximately $90.00. A copy of that letter is attached hereto and marked as **Exhibit "C"**.

10. SLS made no effort to reduce the outrageous 7.875% interest rate.

11. If SLS had simply lowered the interest rate to 3.875% and reduced the term to 20 years, the principal and interest payment would have decreased to $908.72.

12. SLS's rational for denying the Debtor a loan modification is ridiculous and indefensible.

13. SLS's actions are not in good faith as required by this Court.

14. The Debtor should be entitled to sanctions for having to file this motion.

**WHEREFORE**, the Debtor requests that the Court compel Specialized Loan Servicing to explain to the Court how an increased payment is a valid criterion to determine that the Debtor is not eligible for a loan modification, or in the alternative, why

it did not reduce the outrageous 7.875% interest rate. Finally, the Debtor requests the Court consider monetary sanctions against SLS for failing to act in good faith.

                                              **Respectfully submitted,**

**DATED:** November 8, 2021                    **BY:** /s/ Mark B. Peduto
                                                        **Mark B. Peduto, Esquire**
                                                        **PA I.D. #62923**
                                                        mpeduto@c-vlaw.com
                                                        **CALAIARO VALENCIK**
                                                        **938 Penn Avenue, Suite 501**
                                                        **Pittsburgh, PA  15222-3708**
                                                        **(412) 232-0930**